IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DENARIUS ANTONE ROSCOE**                                                                                        **PLAINTIFFS**

V.                                                                                                       NO. 4:23-CV-218-DMB-RP

**SUNFLOWER COUNTY, et al.**                                                                                  **DEFENDANTS**

**OPINION AND ORDER**

Denarius Antone Roscoe sued Sunflower County, the Indianola Police Department, and certain Indianola Police Department officers challenging the conditions of his confinement under 42 U.S.C. § 1983. Because Roscoe fails to state a claim upon which relief can be granted against all defendants except Officer Sabrina Gordon, the case will proceed only against Gordon and the remaining defendants will be dismissed.

**I**
**Background and Procedural History**

On November 17, 2023, Denarius Antone Roscoe filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Sunflower County, the Indianola Police Department, Indianola Police Chief Ronald Sampson, Assistant Chief Ernest Gilson, and Officer Sabrina Gordon, asserting claims under 42 U.S.C. § 1983.[1] On December 27, 2023, Roscoe amended his complaint by adding Sergeant Gregory Capers as a defendant. Doc. #8. As the factual circumstances underlying his claims, Roscoe alleges that, at 11:22 a.m. on May 29, 2022, at the Sunflower County Sheriff's Department, Indianola Police Department Officer Sabrina Gordon punched him in the face while he was in full restraints, then drew her weapon and

---

[1] According to his complaint, Roscoe "was incarcerated at Sunflower County Sheriff Department Jail" at the time he filed suit. Doc. #1 at 6. So, the Prison Litigation Reform Act ("PLRA") applies to his claims. 42 U.S.C. § 1997e(a); *see Williams v. Henagan,* 595 F.3d 610, 619 (5th Cir. 2010) (PLRA applies when inmate is incarcerated at time suit filed, even if released from incarceration during pendency of suit).

aimed it at his face while another inmate recorded the events and posted them on social media; he informed Sheriff James Haywood about the attack, his need for medical attention, and that he feared for his life, and the Sheriff placed him in close confinement for his protection; and he suffered a broken nose from the attack and submitted a medical request form but never received medical treatment for his injuries. Doc. #8 at 4–5, 7, 8. The Court ordered Roscoe to show cause within twenty-one days why Sunflower County, the Indianola Police Department, Sampson, Gilson, and Capers should not be dismissed with prejudice for his failure to state a valid claim against them under 42 U.S.C. § 1983. Doc. #10. Roscoe did not respond to the show cause order by the deadline set, and has not done so to date.

## II
## Analysis

### A. Denial of Medical Care

To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). A state employee may not be held liable under § 1983 for such unless the plaintiff alleges facts which, if true, would establish the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To meet his burden in establishing deliberate indifference, the plaintiff "must show that the officials 'refused to treat him, ignored his

2

complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Brauner v. Coody*, 793 F.3d 493, 498 (5th Cir. 2015) (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)).

Though denial of medical treatment may rise to the level of an Eighth Amendment violation, Roscoe did not identify a defendant responsible for providing him medical treatment. Though he alleges that he submitted a form requesting medical treatment but no one responded, he fails to specify the person tasked with responding to requests for medical treatment; nor does he clearly state whether anyone denied his request after receiving it—or simply failed to respond— either negligently or intentionally. In the absence of allegations that a specific person's acts or omissions led to him being denied medical treatment, any claim by Roscoe for inadequate medical treatment cannot stand. This claim will be dismissed without prejudice.

### B. Police Department Not Amenable to Suit

For a plaintiff to sue a city department, that department must "enjoy a separate legal existence." *Darby v. Pasadena Police Dep't*, 939 F. 2d 311, 313 (5th Cir. 1991) (citation omitted). Whether an entity enjoys a separate legal existence and, therefore, has the capacity "to sue or be sued is determined … by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Mississippi law, a municipality's police department is not a legal entity separate and apart from the municipality.[2] *Paixao v. City of Greenwood*, No. 4:23-CV-47, 2024 WL 28033, at *2 (N.D. Miss. Jan. 2, 2024); *Moore v. Laurel Police Dep't*, No. 2:22-CV-1, 2022 WL 22236294, at *1 (S.D. Miss. Mar. 2, 2022) (citations omitted).[3] So, the Indianola Police Department will be dismissed with prejudice.

---

[2] And "sheriff's departments are not political subdivisions … . Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006).

[3] *Accord Showers v. City of Bay St. Louis*, No. 1:19-cv-323, 2020 WL 8620189, at *1 (S.D. Miss. July 28, 2020); *Upchurch v. City of Moss Point*, No. 1:10-CV-228, 2011 WL 5082224, at *3 (S.D. Miss. Oct. 26, 2011); *Stewart v. Jackson Cnty.*, No.

### C. County Liability

To establish municipal or county liability under § 1983, a plaintiff must demonstrate that an official policy or custom caused the constitutional violation alleged. *Piotrowski v. City of Hou.*, 51 F.3d 512, 517 (5th Cir. 1995); *Colle v. Brazos Cnty.*, 981 F.2d 237, 244 (5th Cir. 1993).

Here, Roscoe alleges no facts to indicate any policy-making official for Sunflower County implemented an official policy that caused the alleged constitutional violation, nor does he establish a persistent pattern of conduct by county officials that caused the alleged constitutional violation. *See Richardson v. Oldham*, 12 F. 3d 1373, 1381–82 (5th Cir. 1994) ("[M]unicipal policy may be established by a persistent pattern of conduct as well as by a formal legal declaration."). More, in a § 1983 action, liability may not be imposed upon a governmental entity on a theory of respondeat superior for the actions of non-policy making government employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978); *see Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1409 (5th Cir. 1995) ("A municipality … cannot be held vicariously liable under § 1983; rather, plaintiffs must point to an official policy or custom that was the 'moving force' of a constitutional injury"); *Brown v. Bryan Cnty.*, 53 F.3d 1410, 1418 (5th Cir. 1995). Because Roscoe alleges no facts showing a county policy or custom led to the alleged violation of his constitutional rights, Sunflower County will be dismissed without prejudice.

### D. Supervisor Liability

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated his constitutional rights simply by virtue of the official's role as a supervisor. *Monell*, 436 U.S. at 691. To state a valid § 1983 claim, a plaintiff must "identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to

---

1:07-CV-1270, 2008 WL 4287112, at *1 (S.D. Miss. Sept. 16, 2008); *Stewart v. Perry*, No. 1:07-CV-1270, 2008 WL 4145216, at *1 (S.D. Miss. Sept. 4, 2008).

the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed. App'x 404, 406 (5th Cir. 2007). Indeed, there are only two scenarios where a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). And a supervisor cannot be held liable for failure to supervise his subordinates—even when he is present on the scene—because "a government official can be held liable only for his own misconduct." *Carnaby v. City of Hou.*, 636 F.3d 183, 189 (5th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

In this case, Roscoe alleges that Officer Gordon alone attacked him while he was restrained. He does not allege that Sampson, Gilson, or Capers participated in the attack, implemented a policy giving rise to the attack, or were personally involved or causally connected to the attack in any way. Accordingly, Roscoe fails to state a valid claim for relief against Sampson, Gilson, and Capers, and such claims will be dismissed without prejudice.

### III
### Conclusion

For the reasons above: (1) Roscoe's excessive force claim against Officer Sabrina Gordon will proceed, and a process order will issue as to Gordon; (2) all Roscoe's claims against Sunflower County, Sampson, Gilson, and Capers are **DISMISSED without prejudice**; and (3) the Indianola Police Department is **DISMISSED with prejudice**.

**SO ORDERED**, this 12th day of January, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5